IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BILLY JAMES LOVELL                                                                         PLAINTIFF

V.                                    NO. 3:18CV00075 JM/JTK

SOCIAL SECURITY ADMINISTRATION                                                DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Billy James Lovell, applied for disability benefits on April 1, 2015, alleging a disability onset date of March 28, 2015. (Tr. at 10). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 22). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner. Lovell has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II. The Commissioner's Decision:

The ALJ found that Lovell had not engaged in substantial gainful activity since the alleged onset date of March 28, 2015. (Tr. at 14). At Step Two, the ALJ found that Lovell has the following

severe impairments: anxiety disorder, left eye vision loss, obesity, and skull fracture. *Id.*

After finding that Lovell's impairment did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that Lovell had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, except that: (1) he could not perform work requiring climbing of ladders, ropes, or scaffolds; (2) he could have no exposure to hazards or unprotected heights in the workplace; (3) the work must not require bilateral vision and Lovell would be unable to accurately judge distances; (4) the work must not require exposure to sunlight; (5) he could perform simple, routine, repetitive jobs, where supervision is simple, direct, and concrete; and (6) the jobs would be SVP level 1-2 with no more than normal changes to work place settings. (Tr. at 15-16).

The ALJ determined that Lovell unable to perform any past relevant work. (Tr. at 21). Relying upon the testimony of the Vocational Expert ("VE") at Step Five, the ALJ found that, based on Lovell's age, education, work experience and RFC, jobs existed in the national economy which he could perform, specifically router and marker (Tr. at 22). Consequently, the ALJ found that Lovell was not disabled. *Id*.

### III. <u>Discussion</u>:

#### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only

evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B.   Lovell's Arguments on Appeal

Lovell argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ should have found his headaches to be a severe impairment, and that the RFC did not fully incorporate his limitations. For the following reasons, the Court agrees with Lovell with respect to the headaches.

The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

Lovel had a horrific work accident in 2015 that crushed his face, sinuses, and orbital processes. (Tr. at 427, 447, 454, 469). He spent four days in the hospital and then four weeks in outpatient care. (Tr. at 418-472). During his hospital stay he was prescribed Percocet for pain, after complaining of headaches with nausea. (Tr. at 445). He said his head hurt on April 6, 2015, with visual changes in his left eye. (Tr. at 430). On three more occasions in April 2015, Lovell complained of headache, numbness, and blurred vision. (Tr. at 422-425). The ALJ did not mention

these complaints from April 2915.

Lovell was referred to a neurologist for his headaches. (Tr. at 422). In September 2015, Lovell saw a neurologist for constant pain with pulsating and throbbing, radiating into his face. (Tr. at 475). He said the headaches lasted 45 minutes to 4 hours. *Id.* They were triggered by movement, sunlight, and heat. *Id*. Lovell had decreased vision. (Tr. at 475-478). He was taking Amitriptyline and Percocet. (Tr. at 476).

On February 9, 2016, Lovell saw a doctor at Hamilton Eye Institute. (Tr. at 519-523). He complained of vision loss and pressure and dizziness when bending over. (Tr. at 523). The doctor restricted Lovell from working for one month so he could follow up with neurology. *Id*.

On October 8, 2015, Dr. Jerry L. Cunningham evaluated Lovell. Lovell said he had headaches and was fatigued during the day. (Tr. at 492-500). He said he could not perform chores and could only prepare meals in the microwave. *Id*. He could not go shopping on his own or manage money. *Id*. He did not socialize anymore since the accident. *Id.* Dr. Cunningham said that Lovell was lethargic during the examination. *Id.*

Lovell performed below expectations in the recall portion of the exam. (Tr. at 495). He did not do well on the math portion. *Id*. Dr. Cunningham commented that he would have cognitive problems because of the accident. (Tr. at 497). He said Lovell would have problems completing task within acceptable timeframes, and he would have attention problems. (Tr. at 497-498). He said he could not manage funds without assistance. (Tr. at 498).

A severe impairment has more than a minimal effect on a claimant's abilities if it interferes with mental functions such as the ability to see, hear, and speak; the ability to understand, carry out, and remember simple instructions; to use judgment; to respond appropriately to supervision, co-

workers, and usual work situations; and to deal with changes in work routine. *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). Certainly, the results from Dr. Cunningham's exam indicate such limitations, which are also evident from Lovell's restricted daily activities. Lovell said that he had to stay in a dark house most of the time, going out only for doctor's appointments. (Tr. at 338-343). He said his sleep was affected by pain in his face and headaches. *Id.* He said noise bothered him. *Id*. He said he had numbness and pain in his face, nose, eyes, and forehead. (Tr. at 346). He took oxycodone and promethazine for pain. (Tr. at 347). The medicines cause dizziness, blurred vision, and vomiting. *Id.*

Lovell's testimony of severe headaches and his treatment history show significant problems with work like functions as a result of the headaches. The ALJ erred by not finding headaches to be a severe impairment, which in turn compromised the RFC finding. It is unclear if the ALJ properly considered the severity of Lovell's headaches.

## IV. **Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred in his Step Two finding.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 22nd day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE